IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA L. REX, | : |
| | : |
|       **Plaintiff,** | : |
| | :   CIVIL ACTION |
|       v. | : |
| | :   No. 13-4209 |
| JANE L. ADAMS, et. al. | : |
| | : |
|       **Defendants.** | : |

**MEMORANDUM**

**STENGEL, J.**                                                                                         **September 30, 2014**

Maria Rex, plaintiff, brings this action against Jane Adams and Jane's Boutique, defendants, asserting, *inter alia*, unjust enrichment and fraud. Following defendants' default, Ms. Rex moved for default judgment in the amount of $3,213,570. Ms. Rex presented proof of her damages at a hearing on September 25, 2014. Upon consideration of this evidence, I will grant plaintiff's motion for default in the amount of $107,119.00.

**I.   Background**

Jane Adams holds herself out to be a psychic and operates Jane's Boutique in Bethlehem, Pennsylvania. Starting in October 2007, Maria Rex began seeking advice from Ms. Adams. During their initial meeting, Ms. Adams told Ms. Rex that Ms. Rex had just met her soul mate, JC. When JC moved to North Carolina in February 2008, Ms. Rex followed Ms. Adams' advice and relocated to North Carolina as well. Over the course of the next four years, Ms. Rex continued to communicate with Ms. Adams by telephone

and text message, and Ms. Adams represented that she would use her psychic powers to produce a marriage and family between Ms. Rex and JC.

Ms. Adams' services were not free. In 2008, Ms. Rex came into a large personal injury settlement. Ms. Adams, who had knowledge of the settlement, demanded that Ms. Rex pay exorbitant fees so that Ms. Adams could buy materials which were needed to bring about the promised marriage. Ms. Rex felt that she had no other option but to continue working with Ms. Adams, and she paid the requested fees which, in the end, totaled $107,119. Ms. Rex completely depleted her personal injury settlement and life savings. A marriage with JC never materialized.

Realizing that she had been duped, Ms. Rex filed this action claiming fraud, RICO, breach of contract, unjust enrichment, unconscionability, unfairness, conversion, negligent or intentional infliction of emotional distress. She seeks $3,213,570 in compensatory and punitive damages. Defendants have not answered the complaint, and Ms. Rex has moved for default judgment. Defendants also failed to respond to my March 5, 2014 order to show cause. On September 26, 2014, Ms. Rex appeared at the United States Courthouse in Philadelphia and presented 22 pages of documents proving that she paid Ms. Adams $107,119 for her services.

**II       Standard of Review**

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. Fed. R. Civ. P. 55(b)(2). Judgment by default is generally disfavored in the interest of deciding a case on its merits. Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d

Cir.2008); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194–95 (3d Cir.1984). Therefore, I must consider "1.) prejudice to the plaintiff if default is denied, 2) whether the defendant appears to have a litigable defense, and 3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citations omitted))

### III.  Discussion

I am satisfied that this court has jurisdiction over Ms. Rex's complaint pursuant to 28 U.S.C. § 1332 and that defendants have been properly served with process. Doc. No. 2.[1] It can be inferred by the lack of response from the defendants, that they have no litigable defense to Ms. Rex's claims. Similarly, it is reasonable to conclude that the defendants' failure to respond to any of Ms. Rex's filings is an acknowledgment of culpable conduct. The plaintiff will be prejudiced if the default judgment is denied because she will have no other way to vindicate her claims against the defendants. Accordingly, I will enter default judgment as to those claims which are well pleaded. *See* Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); 10A Wright & Miller, Fed. Prac.  Proc. Civ. § 2688 (3d ed.) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a

---

[1] The proof of service in this matter is peculiar. The private process server completed an AO 440 stating that he served Mrs. Johnson at a New Jersey address which is not identified in the complaint. According to the server's return, defendant Jane Adams goes by the alias Mrs. Johnson and the New Jersey address appears in the defendant's address history. While this proof of service is unusual, it is prima facie evidence of proper service, and absent a challenge to service, I will accept the process server's statements as true.  *See* 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1130 n. 18 (3d ed.).

party in default does not admit mere conclusions of law."); *See also* Marshall v. Baggett, 616 F.3d 849, 852-53 (8th Cir. 2010) ("[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering [default] judgment.").

I will enter default judgment in favor of Ms. Rex's claim for unjust enrichment. An action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law. Sevast v. Kakouras, 915 A.2d 1147, 1153 n. 7 (Pa. 2007).[2] An action for quasi-contract may lie when there is no express written or oral agreement.[3] Schott v. Westinghouse Elec. Corp., 259 A.2d 443, 449 (Pa. 1969). Rather, a court may find a quasi-contract in the absence of an agreement when one party receives unjust enrichment at the expense of another. AmeriPro Search, Inc. v. Fleming Steel Co., 787 A.2d 988, 991 (Pa. Super. Ct. 2001) (citing Birchwood Lakes Community Assoc. v. Comis*,* 442 A.2d 304, 308 (Pa. Super. Ct. 1982)). Thus to recover for unjust enrichment, Ms. Rex must demonstrate that she conferred benefits on the defendant, "appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without

---

[2] Since this claim is based on Pennsylvania state law, I must apply the law as interpreted by the Pennsylvania Supreme Court. McKenna v. Pac. Rail Serv., 32 F.3d 820, 825 (3d Cir. 1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Colantuno v. Aetna Ins. Co., 980 F.2d 908, 909 (3d Cir.1992)).

[3] If there is an express contract, a plaintiff may not maintain an action for quasi-contract. Schott v. Westinghouse Elec. Corp., 259 A.2d 443, 448 (1969). Here, I do not believe that Ms. Rex has stated a claim for breach of contract because the essential terms of the contract are vague. *See* Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir.2003) (the essential terms of a contract must be pleaded to state a cause of action for breach of same). Here, Ms. Adams demanded payment to "purchase materials to do your work." Compl. ¶ 11. Ms. Rex testified that she had no idea what the materials were. Therefore, I am not satisfied that Ms. Rex and Ms. Adams formed an express oral contract.

payment of value." Id. The measure of damages for unjust enrichment is restitution. Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 545 (Pa. 2010)

Ms. Rex has pleaded a cause of action for unjust enrichment, and her testimony at the damages hearing proves her claim. Clearly, Ms. Adams never intended to nor was capable of using any power, psychic or otherwise, to foster a relationship between Ms. Rex and JC. Rather, she recognized that Ms. Rex was a wealthy woman who eagerly wanted to get married and have children. Ms. Adams exploited Ms. Rex's vulnerability to drain Ms. Rex of her entire life savings. Under these circumstances, it would be highly inequitable to allow Ms. Adams to keep the proceeds of her wrongful conduct. Therefore, I will enter default judgment against Ms. Adams in the amount of $107,119.00.[4]

Default judgment is also supported by Ms. Rex's claim of fraud. A plaintiff claiming fraud under Pennsylvania law must establish the following elements: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." Overall v. Univ. of Pa., 412 F.3d 492, 498 (3d Cir. 2005) (citing Gibbs v. Ernst, 647 A.2d 882, 889 (1994));. Ms. Rex paid Ms. Adams $107,119.00 relying on Ms. Adams' promise to use her psychic powers to create a marriage and family between Ms. Rex and J.C. Ms. Adams knew or

---

[4] During the damages hearing, Ms. Rex discussed additional payments she made to Ms. Adams prior to leaving for North Carolina. She also referenced airline tickets she purchased to meet with Ms. Adams in person. Ms. Rex did not have proof of these damages at the time of the hearing. If Ms. Rex is able to prove these additional damages and wishes to recover same, she may file a motion pursuant to Federal Rule of Civil Procedure 60(b).

should have known she possessed no such psychic powers. Based on Ms. Rex's very compelling testimony, I am satisfied that her reliance was justified. These facts demonstrate fraud.[5]

Unfortunately, Ms. Rex is not entitled to any damages in excess of $107,119.00. According to Ms. Rex's testimony, she believed she could collect an amount equal to the sum paid to Ms. Adams multiplied by the number of counts she pleaded in her complaint. Since she pleaded ten counts, she claims $1,071,190 in damages. Ms. Rex's calculation would amount to a decuple recovery from defendants which the law does not allow. *See* Smith v. United States, 587 F.2d 1013, 1015 (3d Cir. 1978). Otherwise, Ms. Rex pleads no cause of action entitling her to compensatory damages in excess of her actual loss. B&P Holdings I, LLC. v. Grand Sasso, Inc., 114 F. App'x 461, 467 (3d Cir. 2004) (compensatory damages for fraud are limited by the actual loss); Birth Ctr. v. St. Paul Companies, Inc., 787 A.2d 376, 385 (Pa. 2001) ("The purpose of damages in contract actions is to return the parties to the position they would have been in but for the breach."); Baram v. Farugia, 606 F.2d 42, 44 (3d Cir. 1979) (compensatory damages for conversion are generally the value of the property at the time of the conversion); Bilt-Rite Contractors, Inc., 866 A.2d at 288 (plaintiff can recover pecuniary damages incurred relying on defendant's negligent misrepresentation).[6]

---

[5] Ms. Rex's claim for fraudulent misrepresentation is duplicative of her claim for fraud. *See* Martin v. Lancaster Battery Co., Inc., 606 A.2d 444, 448 (Pa. 1992) (citations omitted). Additionally, her claim for negligent misrepresentation would be supported by the same facts. *See* Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 277 (Pa. 2005).

[6] Ms. Rex also pleads unconscionability and unfairness. "Unconscionability is a defensive contractual remedy which serves to relieve a party from an unfair contract or from an unfair portion of a contract." Harris v. Green Tree Fin.

Furthermore, Ms. Rex may not treble her damages because her civil RICO claim does not have the necessary factual or legal support. "A violation of § 1962(c), the section on which [plaintiff] relies, requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). In order to sustain a claim under § 1962(c), a plaintiff must allege activity by both a person and an enterprise. *See, e.g.*, Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc., 46 F.3d 258, 262 (3d Cir.1995). In determining whether a plaintiff has adequately alleged activity by both a person and an enterprise, our Court of Appeals applies a distinctiveness requirement whereby "the 'person' subject to liability cannot be the same entity as the 'enterprise.'" Id., at 262 (quoting Hirsch v. Enright Refining Co., 751 F.2d 628, 633 (3d Cir.1984)). According to the complaint Jane Adams is the owner, manager and agent of Jane's Boutique. Ms. Rex testified that she never saw anyone besides Ms. Adams working at Jane's Boutique. It appears from this evidence that Jane's boutique is an alter ego of Jane Adams or is a sole proprietorship. This is not sufficiently distinct activity to support a RICO claim.

Ms. Rex may not recover punitive damages. "The rule … is that for punitive damages to be awarded there must be acts of malice, vindictiveness and a wholly wanton disregard of the rights of others. Smith v. Renaut, 564 A.2d 188, 193 (Pa. Super. Ct. 1989) (citing Richette v. Pennsylvania R.R., 187 A.2d 910, 916 (Pa. 1963)). Therefore, punitive damages are not assessed for the mere breach of contractual duties nor for the

---

Corp., 183 F.3d 173, 181 (3d Cir. 1999). Unfairness would also seem to be a defense to a breach of contract. Accordingly, Ms. Rex cannot recover any damages due to the unconscionability or unfairness of the contract.

same fraud which is the basis of recovery. Daniel Adams Associates, Inc. v. Rimbach Pub. Inc., 429 A.2d 726, 728 (Pa. Super. Ct. 1981) (no exemplary damages for breach of contract); Smith, 564 A.2d at 193 (no exemplary damages for the underlying fraud). Punitive damages may only be awarded when defendant is "solely motivated by a malicious intent to cause harm to [the] plaintiff" Daniel Adams Associates, Inc., 429 A.2d at 728. Based on Ms. Rex's testimony, I believe that Ms. Adams acted with the intent to enrich herself rather than with a purpose of harming Ms. Rex.

Finally, Ms. Rex has not established a right to damages for emotional harm. Pennsylvania allows recovery for emotional distress under the theories of intentional or negligent infliction of emotional distress. "To prevail [on the former], plaintiff must prove defendant, by extreme and outrageous conduct, intentionally or recklessly caused plaintiff severe emotional distress." Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 232 (3d Cir. 1995) (citing Motheral v. Burkhart, 583 A.2d 1180, 1188 (1990)). To support the latter claim, Ms. Rex must show that she suffered or nearly suffered a physical injury, that she witnessed a close relative being injured, or that defendant breached a special relationship. Toney v. Chester County Hospital, 36 A. 3d 83 (Pa. 2011). Ms. Rex has not alleged extreme and outrageous conduct on the part of Ms. Adams. She has not sustained a physical injury nor is there any suggestion that she was nearly injured or that she witnessed a close relative become injured. Finally, I do not believe that the relationship between a woman and her psychic is the type of relationship which can trigger liability for emotional distress. See Hershman v. Muhlenberg College, 13-CV-7639, 2014 WL 1661210 n. 7 (E.D. Pa. Apr. 24, 2014) (noting the limited

situations where Pennsylvania courts have found a special relationship exists).[7]

Accordingly, Ms. Rex's damages are limited to her actual loss of $107,119.00.

## IV     Conclusion

For the foregoing reasons, I will grant Ms. Rex's motion for default judgment in the amount of $107,119.00.

An appropriate order follows.

---

[7] These events have obviously had a profound effect on Ms. Rex's life. By denying Ms. Rex an award for emotional distress, I do not mean to diminish the palpable emotional injuries Ms. Adams' conduct has caused. Rather, the law only allows for recovery of damages in limited circumstances, and the facts this case do not satisfy these rigorous requirements.